IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD S. SEAMON, | : | CIVIL ACTION |
|         Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JULIO M. ALGARIN, et al., | : | |
|         Defendants | : | NO.  06-4553 |

## MEMORANDUM

PRATTER, J.                                                                                     AUGUST 15, 2007

*Pro se* Plaintiff Todd S. Seamon sued Montgomery County Correctional Facility ("MCCF") prison officials Julio M. Alargin and Nikki Holler, as well as staff members John Oliver and Mary Williams pursuant to 42 U.S.C. § 1983 for damages resulting from alleged inadequate medical care.  The Defendants filed motions to dismiss, to which Mr. Seamon has not filed any response.[1]  For the reasons discussed below, the Court will grant both motions to

---

[1] Pursuant to Local Rule 7.1(c) of the Eastern District of Pennsylvania Local Rules of Civil Procedure, any response to the Defendants' motions was due on January 5, 2007.  On March 8, 2007, the Court ordered Mr. Seamon to file his response, if any, to the pending motions by April 4, 2007, and cautioned that if no response was filed, the motions would be reviewed and decided as unopposed.  A copy of the Court's Order of April 4, 2007 was sent to Mr. Seamon at the address listed on the docket.  On March 15, 2007, however, it was returned as "undeliverable."  Through its own investigation, the Court later learned that Mr. Seamon is no longer in custody at the MCCF, where he was committed on April 27, 2006.  According to the official MCCF website, Mr. Seamon was released on February 12, 2007.  Mr. Seamon has provided the Court with no current contact information.
     The Court ordered the Defendants to cause a copy of the Court's Order of June 12, 2007, which set a deadline of July 6, 2007 for any response to the Defendants' motions, to be delivered to Mr. Seamon at his last known non-governmental address.  Accordingly, on June 15, 2007, the Defendants mailed a copy of the June 12, 2007 Order by United States Postal Service ("USPS") Certified Mail, return receipt requested, and separately mailed a copy of the same by regular mail accompanied by USPS Proof of Mailing Form 3817 to Mr. Seamon's last known non-governmental address, which is the address Mr. Seamon provided to the MCCF upon his incarceration.  The USPS returned the envelope sent by Certified Mail marked as "unclaimed." As of July 3, 2007, the envelope sent by regular mail and USPS Form 3817 had not been returned.  Thus, because Mr. Seamon failed to notify the Court of his release or to file a change

dismiss.

**BACKGROUND**

For the purposes of a motion to dismiss, the facts alleged in the Amended Complaint are deemed to be true.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The gravamen of Mr. Seamon's Section 1983 Complaint is that the staff at the MCCF subjected him to inadequate medical treatment.  Mr. Seamon alleges that, while in custody at the MCCF, he contracted staph infections twice over the course of four months.  Although Mr. Seamon was given medicine, the infection returned.  According to Mr. Seamon, "almost half of the jail inmates have gotten this infection one time or more."  The infection allegedly is very painful and extremely contagious.  As a remedy, Mr Seamon would require the MCCF "to clean up this place so no one else will have to go [through] what I had to go [through] with the pain."

The Court assumes that, through these averments, Mr. Seamon is alleging that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment, made applicable to the states by the Fourteenth Amendment.

**DISCUSSION**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  Conley, 355 U.S. at 45-46.  Such a motion will be granted only when it is "certain that no relief could be granted under any set of facts which could be proved by the plaintiff."  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  In making such a determination, the Court "must only consider those facts alleged in the complaint and accept all of those allegations as true."  ALA, Inc. v. CCAIR,

---

of address, and because all efforts to contact Mr. Seamon have failed, the Court must proceed to decide the Motion as unopposed.

Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court, however, "need not accept as true 'unsupported conclusions and unwarranted inferences,'" Doug Grant, Inc. v. Great Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburg v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

Mr. Seamon's *pro se* Complaint must be "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Due to the "understandable difference in legal sophistication," *pro se* litigants such as Mr. Connor are held to "less stringent standards" than trained counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must construe *pro se* pleadings liberally and "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.2002)). While the Court of Appeals for the Third Circuit traditionally has given *pro se* litigants "greater leeway where they have not followed the technical rules of pleading and procedure," Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), all parties must nonetheless follow the Federal Rules of Civil Procedure, Thomas v. Norris, No. 02-1854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006).

### A. Eighth Amendment Claim

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3

Embodying "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," this provision of the Constitution "proscribes more than physically barbarous punishments." Estelle, 429 U.S. at 102. The Eighth Amendment thus encompasses the Government's "obligation to provide medical care for those whom it is punishing by incarceration." Id. at 103. However, not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. To state a cause of action under Section 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally interfering with the treatment once prescribed." Id. at 104-05.

"An inadvertent failure to provide adequate medical care" does not constitute deliberate indifference. Id. at 105. Thus, mere negligence in diagnosing or treating a medical condition does not state a cognizable claim under the Eighth Amendment. See id. at 106; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) ("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'"). As the Supreme Court has explained, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." Id. at 105. It follows, then, that "[w]here the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim." Rouse, 585 F.2d at 1186 (quoting Roach v. Kligman, 412 F. Supp. 521, 525 (E.D. Pa. 1976)).

For example, in Dolceamore v. Beard, No. 06-996, 2006 WL 1548857 (M.D. Pa. May 31, 2006), the court dismissed an action brought by a prisoner who had contracted consecutive skin infections that ultimately turned out to be scabies. Because the plaintiff conceded that he had continuously received treatment, including prescriptions for various skin creams and a biopsy, the court held that "the allegations set forth [the plaintiff's] dissatisfaction with the treatments received for his condition and/or negligence," but fail to state a constitutional violation. Id. at *3. Similarly, in Andrews v. Berks County Prison, No. 05-4351, 2006 WL 2456474 (E.D. Pa. Aug. 21, 2006), a *pro se* prisoner alleged that he had contracted a staph infection that other inmates had also acquired. The plaintiff alleged that the staph infections resulted from, *inter alia*, unsanitary conditions at the prison. Id. at *1-2. The Court dismissed the Section 1983 claims, noting that the plaintiff admitted that his infection was treated with antibiotic and anti-itch cream by the prison medical care provider. Id. at *2. See also Wheeler v. Beard, No. 03-4826, 2005 WL 1840159, at *11 (E.D. Pa. Aug. 3, 2005) (where the alleged deficiencies in prison medical care were purported to be the result of inadequate funding, the Court dismissed the claim because "[a]llegations of inadequate funding do not equate with allegations of deliberate indifference . . .").

As in Dolceamore, Wheeler and Andrews, here Mr. Seamon has failed to plead facts that demonstrate "deliberate indifference" on the part of the Defendants. Assuming, *arguendo*, that Mr. Seamon's skin infections constitute a "serious" medical need, as required to state a "deliberate indifference" claim, Mr. Seamon has not alleged any "acts or omissions sufficiently harmful to evidence deliberate indifference." See Estelle, 429 U.S. at 105. While Mr. Seamon alleges that Nurse Oliver at one point gave Mr. Seamon someone else's medicine and that the

infection recurred, he also concedes that he received treatment for the initial infection, namely, a prescription for Sulfataim DS, to be taken two times a day.  At most, Mr. Seamon's allegations state a claim for negligence.  Such allegations do not rise to the level of a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation."); Johnson v. Dodrill, No. 03-2125, 2005 WL 2406053, at *6 (M.D. Pa. Sept. 29, 2005) (holding that whether the defendant provided the incorrect medication or the correct medication the prescription of which the plaintiff disagreed with, "[a]t best, his claim would sound in negligence which is not actionable in [a § 1983] action").

Mr. Seamon also alleges that the administrative grievances he filed went unanswered and "no one wrote [him] back or called [him] down to talk about the problem."  Our Court of Appeals has explicitly held that where "a prisoner is under the care of medical experts . . ., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands," and, therefore, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference." Spruill, 372 F.3d at 236.  This conclusion "follows naturally from the division of labor within a prison." Id.  Thus, to the extent Mr. Seamon intends to state a claim based on the failure of Warden Algarin and Medical Director Holler to respond to his grievances, such claim must be dismissed.  See id. (dismissing claims against a non-medical prison official to the extent such claims addressed acts or omissions that occurred *after* the plaintiff began receiving medical care); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993) (upholding summary judgment in favor of non-medical prison officials where "the

only allegation against [them] was that they failed to respond to letters [plaintiff] sent them explaining his predicament").

In sum, the Court of Appeals for the Third Circuit has recognized "deliberate indifference" in a number of circumstances, including the intentional infliction of pain on a prisoner, the denial of reasonable requests for medical treatment where such denial exposes the inmate to undue suffering, and the refusal to provide medical care where the need for such care is known. Spruill, 372 F.3d at 235. The circumstances presented here do not fall within – or anywhere near– these categories and, therefore, Mr. Seamon has failed to state a Section 1983 claim for which relief can be granted.[2]

### B. Medical Malpractice Claim

When a court grants a motion to dismiss for failure to state a federal claim, the court may retain discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims. Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1244-1245 (2006). However, it need not do so, and here, to the extent Mr. Seamon intends to allege a state law claim for medical malpractice, the Court declines to exercise supplemental jurisdiction. Thus, any state law claims are dismissed for lack of jurisdiction.

---

[2] Because Mr. Seamon has failed to state a cognizable Section 1983 claim, the Court need not address the arguments of Warden Algarin, Medical Director Holler and Nurse Williams that Mr. Seamon has failed to allege any personal involvement or participation on their part. For the same reason, amending the Complaint to allege sufficient personal involvement by these Defendants would be futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002) (holding that a complaint which sets forth facts that affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend).

The Court further notes that Mr. Seamon also has failed to state a claim under the Due Process Clause of the Fourteenth Amendment. See Daniels v. Williams, 474 U.S. 327, 328 (1986) (holding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property") (emphasis in original).

**CONCLUSION**

      For the foregoing reasons, the motions to dismiss will be granted and the claims against all Defendants dismissed.  An Order consistent with this Memorandum follows.

                                    BY THE COURT:

                                    <u>S/Gene E.K. Pratter</u>
                                    GENE E.K. PRATTER
                                    UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TODD S. SEAMON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **JULIO M. ALGARIN, et al.,** | : | |
| Defendants | : | **NO. 06-4553** |

## ORDER

AND NOW, this 15th day of August, 2007, upon consideration of the Motion to Dismiss of Defendants Nikki Holler, John Oliver and Mary Williams (Docket No. 8) and the Motion to Dismiss of Defendant Julio M. Algarin (Docket No. 9), and in the absence of a response on the part of Mr. Seamon,[3] it is hereby ORDERED that both motions are GRANTED and the case is dismissed.

The Clerk of the Court is instructed to close this case for all purposes.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[3] See n.1, supra, at p. 1.